Todd E. Zenger (5238)
Nicholas D. Wells  (10150)
KIRTON & McCONKIE
60 East South Temple, Suite 1800
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
tzenger@kmclaw.com
nwells@kmclaw.com

Attorneys for Plaintiffs
    CLOSE TO MY HEART, INC.,
    and CABIN CREEK, LLC

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| CLOSE TO MY HEART, INC., a Utah corporation, and CABIN CREEK, LLC, d.b.a. CTMH Co., a Utah limited liability company, | &#124; | Civil No.:  1:07-CV-50 |
| | &#124; | |
| Plaintiffs, | &#124; | Judge Tena Campbell |
| | &#124; | |
| v. | &#124; | |
| | &#124; | **COMPLAINT AND JURY DEMAND** |
| ENTHUSIAST MEDIA LLC, a Delaware entity, a.k.a. CREATING KEEPSAKES, and a.k.a WWW.CREATINGKEEPSAKES.COM, | &#124; | |
| | &#124; | |
| Defendants. | &#124; | |
| | &#124; | |
| | &#124; | |
| | &#124; | |

Plaintiffs, Close To My Heart, Inc., and Cabin Creek, LLC, d.b.a. CTMH Co. complain

and allege against defendants Enthusiast Media LLC, a.k.a. Creating Keepsakes and

www.creatingkeepsakes.com  as follows:

## Parties

1.      Plaintiff Close To My Heart, Inc., ("CTMH") is a Utah corporation with its offices located in Pleasant Grove, Utah County, Utah.

2.      Plaintiff Cabin Creek, LLC, ("Cabin Creek") is a Utah limited liability company with its offices located in Pleasant Grove, Utah County, Utah.

3.      Plaintiff JRL Publications, LLC ("JRLP") is a Utah limited liability company with its offices located in Pleasant Grove, Utah County, Utah.

4.      Plaintiff are informed and believe, and thereon allege, that defendant Enthusiast Media LLC is a Delaware limited liability company doing business throughout the United States and in this judicial district and that it has functioning business representatives residing in this judicial district.

## Jurisdiction and Venue

5.      This is a Complaint for, amongst other things, infringement of Cabin Creek's and JRLP's copyrights, trade identifiers and trade dress by defendants, arising under the Federal Copyright Act of 1976, Title 17, United States Code (17 U.S.C. § 1 *et seq.*) and 15 U.S.C. 1125(a).  Original subject matter jurisdiction is provided under 28 U.S.C. § 1338.  The Court has supplemental jurisdiction of related common law and state law claims arising from the same operative facts pursuant to 28 U.S.C. § 1367(a).

6.      Personal jurisdiction may be had in this federal district over defendant Enthusiast Media LLC, under Utah's long-arm jurisdiction statute, Utah Code Ann. §§ 78-27-22 through 78-27-28, and consistent with federal constitutional standards.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a).

## General Allegations

8.      In recent years, scrapbooking has developed into a multi-billion dollar industry with an estimated increase of about 25% between 2001 and 2004.  Scrapbooking generally involves creating books, cards, and similar paper crafts using photographs, rubber stamps, colored papers, and accessories to memorialize family or personal events or to create aesthetically pleasing personalized artwork and personal histories.

9.      It is estimated that one in four American households is home to a scrapbooker. The average participant in scrapbooking has invested between $1,095 and $2,295 in tools and supplies related to their scrapbooking activities.  Scrapbooking is considered by the Craft and Hobby Association to be the third most popular craft-related hobby in the United States.

10.      Since the mid-1980, CTMH and its predecessor have been engaged in the creation and marketing of decorative rubber stamps, background and texture papers (since 1994), and other items for use in the crafts industry, and specifically for use in the creation of home-made scrapbooks, greeting cards and other craft items.

11.      CTMH began operations under the trade name D.O.T.S., Dozens of Terrific Stamps, and corporate name Dot Adventures.  CTMH, as used herein, includes its former namesake, Dot Adventures.

12.      Cabin Creek and JRLP are affiliated with CTMH.  Cabin Creek and JRLP are the owner of the copyrights, trade identifiers and trade dress ("Proprietary Company Property") at issue in this action.  Cabin Creek and CTMH are parties to a licensing agreement whereby Proprietary Company Property in works created by CTMH are automatically transferred to Cabin Creek, and Cabin Creek grants back to CTMH a license to use Proprietary Company Property. Under the license agreement, CTMH and Cabin Creek have standing to bring this action.

13.     From time to time, CTMH has also published, sold and distributed catalogs, idea books and other publications to showcase CTMH's innovative methods, ideas and products incorporated into Proprietary Company Property.   For example, CTMH's publications in the mid- and late-1990s sets forth CTMH's signature copyrighted expressions which have come to be trade identifiers of CTMH's business and products, including but not limited to CTMH's copyrighted patterns and trade dress related to its Title Topper™, Bottom Border™, Sidebar™, Front & Center™, Main Frame™, Triple Play™, Quartet™, Half & Half™, Sampler™ and Treasure Pocket™ patterns ("Proprietary Patterns").

14.     CTMH's innovation included introducing a unique 12" by 12" paper format as part of the Proprietary Patterns.  Their Proprietary Patterns have served as the distinctive basis of Plaintiffs' products.

15.     A material portion of the consuming public recognizes the Proprietary Patterns as originating from CTMH and identifiers of CTMH's products and instruction books.

16.     CTMH has published scrapbooking instruction books including *I Love Remembering, Close To My Heart Idea Book, Reflections* and *Cherish* setting forth CTMH's fundamental system of scrapbooking including Proprietary Patterns.

17.     CTMH has developed a training system called the *ABC Scrapbook Program*™, designed to teach users how to develop quality personalized scrapbooks and related craft items using the Proprietary Patterns.  This program was released to the public in 1999 in printed form. In connection with CTMH's development and publication of the Proprietary Patterns, Defendant's own Lisa Bearnson, founding editor of Defendant's *Creating Keepsakes* scrapbooking publication, stated in 1999:

-       Excited about CTMH's *ABC Scrapbook Program*

- Introducing the *ABC Scrapbook Program* to the scrapbooking world

- This is the ABC Scrapbook (shows concept or .ppt slide; audience chime in with name of concept)!  "Boy, listen to this.  They know the program inside and out.

- We are introducing this concept to the scrapbooking world and telling people . . (applause).  Jeanette is writing the article (cheers). . .it's going to be incredible.

- People are going to be so excited about this—we're going to tell them how to find a DOTS Demonstrator in their area.

- CTMH's products include patterns

- CTMH's products were awarded Reader's Choice Awards

18.     The *ABC Scrapbook Program*™ materials consists of, in part, a number of the Proprietary Patterns which are original page layout templates that resemble construction blueprints or printing blue lines.  The Proprietary Patterns graphically arrange the location and relationship between aesthetic elements of a completed scrapbook page in schematic fashion.

19.     The *ABC Scrapbook Program*™ materials use a collection of the Proprietary Patterns as part of a program for teaching page layout skills that may involve placement of photographs, titles, text boxes, and other decorative or functional components.

20.     Stacy Julian was an independent contractor/distributor of CTMH's products from August 1993 to January 1997.  Such distributors are called Close To My Heart Independent Consultants ("CTMH Consultants").[1]  The relationship between CTMH and CTMH Consultants is governed by an independent contractor agreement, which incorporates terms and conditions and policies which control the parties' relationship and, to a limited extent, the conduct of CTMH Consultants.

---

[1] The phrase CTMH Consultants shall include distributors with CTMH's predecessor, Dot Adventures.

21.     On or about November 17, 1995, Stacy Julian renewed her status as a CTMH Consultant, which was set to expire on January 31, 1996.

22.     Under the terms of the 1995 Consultant Agreement, Stacy Julian acknowledged Plaintiff's ownership of copyright and agreed not to "reproduce" any of plaintiff's "products."

23.     After ceasing to act as a CTMH Consultant, Stacy Julian informed CTMH by letter in April 1997 that she had formed a consulting business founded to instruct professionals, individuals, and groups in paper craft techniques, in direct competition with the business activities of CTMH.

24.     In 2000, CTMH released the *ABC Scrapbook Program*® II training system and materials complementing the original materials in the *ABC Scrapbook Program*® training system also using the Proprietary Patterns as the foundation of CTMH's scrapbooking instruction.   The *ABC Scrapbook Program*® II materials contained additional Proprietary Patterns that were not in the original *ABC Scrapbook Program*® materials.   This system was released to the public in 2000 in an instructional manual.

25.     In 2000, CTMH created a set of video programs to train CTMH Consultants in the use of the *ABC Scrapbook Program*® and the *ABC Scrapbook Program*® *II* (the "ABC Video Program") systems and materials.   This video-based training explained use of innovative techniques of the Proprietary Patterns and instructed CTMH Consultants how to teach their customers about the benefits of the *ABC Scrapbook Program*® and the *ABC Scrapbook Program*® *II* systems and materials.

26.     On January 6, 2000, Stacy Julian re-established her relationship with CTMH, this time as a contractor.  Julian signed a Work For Hire Release Agreement under which she agreed to provide services as requested by CTMH, including on-camera appearances by Stacy Julian.

27.     The terms of the Work For Hire Release Agreement signed by Stacy Julian specify that "all works created and/or developed," and all "improvements, revisions and modifications" and "all material of whatever kind or nature" contributed by Stacy Julian would be considered works made for hire, owned by CTMH.

28.     As unscripted comments within the ABC Video Program, Stacy Julian made the following statements in regard to the *ABC Scrapbook Program*®:

-   "I have been teaching layout design for years and it boils down to these three things… nobody else has [a system for teaching layout design like this one]."

-   "Jeanette [the founder of CTMH] has done this, I shouldn't take credit."

-   "[The program is] something that doesn't exist out there in the industry…."

29.     Further, Stacy Julian referred to the *ABC Scrapbook Program*® system and materials, including the Proprietary Patterns, as "revolutionary," "unique," and "exclusive."

30.     As an unscripted comment within the ABC Video Program, Stacy Julian stated that Close To My Heart Consultants should "suggest to them [their customers] to create a Christmas memories album or a vacation album."

31.     In or about December 2001, Defendants predecessor-in-interest, Primedia, Inc. founded a magazine entitled Simple Scrapbooks, which teaches its subscribers scrapbooking systems and provides suggested materials including related paper craft techniques including uses of the Proprietary Patterns.

32.     Before, concurrent with or soon after the founding of Simple Scrapbooks magazine, Primedia, Inc. hired defendant Stacy Julian as the founding editor of the Simple Scrapbooks magazine.  On its Internet website, Simple Scrapbooks magazine promotes Ms. Julian as the "visionary behind the magazine."

33.    In 2003, plaintiff CTMH changed the name of the *ABC Scrapbook Program*® system and materials to the *Reflections*™ Scrapbook Program.

34.    A new edition of the *ABC Scrapbook Program*®, now the *Reflections*™ Scrapbook Program, was released in 2003.  This edition was based principally upon the same foundation of the Proprietary Patterns created and developed by CTMH as part of the original *ABC Scrapbook Program*® and *ABC Scrapbook Program*® *II* system and materials, and published in 1999 and 2000.  The 2003 edition of the *Reflections*™ Scrapbook Program system and materials consists of a fixed, tangible work comprising two volumes, along with the third volume, previously released in 2002 as the *ABC Scrapbook Program*® III.  Additional volumes were published in 2004 and 2005 (all collectively the "*Reflections*™ *Work*").

35.    The *Reflections*™ Work consists of, amongst other things, the Proprietary Patterns that teach scrapbooking techniques.  The Proprietary Patterns continue to show readers how to create an aesthetically pleasing arrangement.  The reader can then imitate, modify, vary or otherwise use the Proprietary Patterns in creating a personalized, custom scrapbook layout.

36.    In or about 2002, CTMH released to the public the Originals™ Program, also known as the Card Confidence Program, a training program designed to teach readers how to create attractive greeting cards using scrapbooking materials, techniques, and methodologies, including the Proprietary Patterns.  The *Originals*™ Program consists of, in part, three volumes of fixed, tangible work (the "*Originals*™ *Work*").  The *Originals*™ Program includes original, multiple Proprietary Patterns drawn from the *ABC Scrapbook Program*® and the ABC Scrapbook Program™ II systems and materials.

37.     Plaintiffs (collectively "CTMH") created the Proprietary Patterns contained within the *Reflections*™ Work and the *Originals*™ Work.   CTMH created many of these Proprietary Patterns at least as early as 1990s.

38.     CTMH has sought and obtained copyright registrations for works including the Proprietary Patterns, including but not limited to the *I Love Remembering*™ instruction manual, the *Reflections*™ instruction manual and the *Originals*™ instruction manual ("*Published Instruction Manuals*").

39.     CTMH assigned its copyright in the *Reflections*™ Work and the *Originals*™ Work to Cabin Creek.  Cabin Creek has granted back to CTMH a license to the *Reflections*™ Work and the *Originals*™ Work.

40.     With respect to the *Reflections*™ Work and the *Originals*™ Work, plaintiffs have complied with the federal Copyright Act's registration and deposit requirements, and the copyright therein was duly and legally registered to plaintiff Cabin Creek by the Copyright Office of the United States.

41.     The *Reflections*™ Work and the *Originals*™ Work each contain notices of claim of copyright conforming to statutory requirements.

42.     Plaintiff Cabin Creek has been and still is the owner of each of the above-mentioned works, and in and to the copyrights and the registrations.

43.     Plaintiff CTMH has been and still is the licensee of plaintiff Cabin Creek with the right to use each of the above-mentioned works.

44.     CTMH's *Published Instruction Manuals* have consistently adopted and used distinctive trade dress components including page layout,  fonts, scale/dimensions of cutouts, 12"

by 12" page size, examples of finished work, blue prints for Proprietary Patterns, cutting diagrams, lists of supplies and step-by-step instructions using the specified supplies and cutouts.

45.     CTMH's trade dress has come to be recognized by a material portion of the consuming public as distinctive of CTMH.

46.     CTMH's Proprietary Patterns and trade dress have come to be recognized by a material portion of the consuming public as trade identifiers of CTMH.

47.     Market participants familiar with the page layout templates/patterns of CTMH recognize the Proprietary Patterns of Title Topper, Bottom Border, Sidebar, Front and Center, Quartet, Half and Half, Main Frame, Sampler, Treasure Pocket, and Triple Play, as well as variations of these as originating from CTMH.

48.     Market participants familiar with the page layout templates/patterns of CTMH recognize the Proprietary Patterns of Title Topper, Bottom Border, Sidebar, Front and Center, Quartet, Half and Half, Main Frame, Sampler, Treasure Pocket, and Triple Play, as well as variations of these as identifiers of CTMH.

49.     Market participants familiar with the page layout templates/patterns of CTMH recognize the Proprietary Patterns of Title Topper, Bottom Border, Sidebar, Front and Center, Quartet, Half and Half, Main Frame, Sampler, Treasure Pocket, and Triple Play, as well as variations of these as having commercial value.

50.     Market participants familiar with the presentation of elements within certain of CTMH's products that include a two-page layout having a Page Pattern, a list of materials, an example finished project, and instructions to complete a project, recognize such a presentation or design as indicating that CTMH is the source of that product.

51.     Other companies are mimicking CTMH's Proprietary Company Property.

52.     Plaintiffs are informed and believe, and thereon allege, that defendant Primedia, Inc. and/or Enthusiast Media LLC has published and currently publishes Creating Keepsakes magazine and Simple Scrapbooks magazine from the same or adjoining editorial offices located in Salt Lake County, Utah and distribute the same throughout the United States.

53.     Simple Scrapbooks magazine maintains a Web site found at the URL www.simplescrapbooksmag.com which functions as an electronic, Internet-based catalog of materials found in issues of Simple Scrapbooks magazine, as well as related booklets and other products, all of which teach readers in making scrapbook and paper craft artwork.

54.     In or about September 2004, Primedia, Inc. began selling booklets promoted by founding editor Stacy Julian under the Simple Scrapbooks name entitled "Make a Christmas Scrapbook," "Make a Wedding Scrapbook," "Make a Baby Scrapbook," and "Make a Vacation Scrapbook," (collectively the "Simple Scrapbooks Booklets") each of which contains one or more page patterns that are substantially similar to those included in CTMH's *Published Instruction Manuals*.

55.     In or about January 2005, Primedia began selling a special issue of Simple Scrapbooks magazine entitled "Scrapbook Shortcuts, using simple schemes" which contains numerous page patterns which are substantially similar to the Proprietary Patterns published in CTMH's *Published Instruction Manuals.*  The magazine issue *Scrapbook Shortcuts, using simple schemes* and the *Simple Scrapbooks Booklets* are collectively referred to herein as the "*Simple Scrapbooks Works*".

56.     Plaintiffs are informed and believe, and thereon allege, that Primedia and its agents and employees collected and/or prepared the page layouts or page patterns published in the *Simple Scrapbooks Works*.  This content included page layouts or page patterns related to a

program for teaching scrapbook layout and design techniques. (The page layouts or page patterns contained in the Simple Scrapbooks Works are hereinafter referred to as the "Simple Scrapbooks Page Patterns.") Many of the Simple Scrapbooks Page Patterns feature the same or substantially similar design elements, collection, arrangement, instructional design, and positioning, as the Proprietary Patterns presented in CTMH's *Published Instruction Manuals*.

57. Primedia, Inc. had knowledge of the subject CTMH works and copyrights through Stacy Julian.

58. Stacy Julian has been and is currently employed by or an independent contractor for Primedia, Inc. and/or Enthusiast Media LLC on the staff of Simple Scrapbooks magazine.

59. Primedia, Inc., Enthusiast Media LLC, Stacy Julian and Lisa Bearnson are direct competitors of CTMH, engaging in the sale of a scrapbook-related magazine prominently featuring training in making scrapbook and paper craft artwork.

60. As of September 2006, by purchase from Primedia, Inc., Enthusiast Media LLC is the owner/proprietor of Creating Keepsakes magazine and of Simple Scrapbooks magazine and continues the earlier business of Primedia Inc. assuming the earlier business operations, obligations and liabilities of Primedia, Inc.

61. Enthusiast Media LLC, dba Creating Keepsakes, maintains a Web site found at the URL www.creatingkeepsakes.com which functions as an electronic, Internet-based publication and functions as a news and information location for Enthusiast Media's Infringing Work, as well as related booklets and other products, all of which teach readers in making scrapbook and paper craft artwork.

62. Plaintiffs are informed and believe, and thereon allege, that defendant Enthusiast Medial LLC has, under the direction of it's creative editors, including editor-in-chief Tracy

White (also managing editor of Creating Keepsakes), prepared and/or published and is currently preparing for nationwide distribution in late January 2007 or February 2007 an extensive work including page patterns and instructions for scrapbooking incorporating the Proprietary Patterns, trade dress and trade identifiers of CTMH ("Infringing Work"). Enthusiast Media LLC operates from its editorial offices located in Salt Lake County, Utah and distributes it publications throughout the United States.

63.     Premarketing excerpts and early copies of the Infringing Work have been released by Enthusiast Media LLC via www.creatingkeepsakes.com.   Examination of the premarketing excerpts reveals that Enthusiast Media LLC has incorporated Proprietary Patterns and trade dress of CTMH into its upcoming publication.  The comparison between CTMH's copyrighted work and Defendant's infringing work reveals that they are substantially similar in pattern use. Time is of the essence in stemming publication of the Infringing work of Enthusiast Media LLC.

64.     Defendant Enthusiast Media LLC had and has knowledge of the subject CTMH Proprietary Company Property through Primedia, Inc., Stacy Julian and Lisa Bearson, in addition to engaging in widespread public sales of Close To My Heart Proprietary Company Property for several years.

65.     Stacy Julian has been and is associated with Primedia, Inc. and/or Enthusiast Media LLC on the staff of Simple Scrapbooks magazine. Lisa Bearson has been and is currently employed by Enthusiast Media LLC or its dba Creating Keepsakes.

66.     Defendant Enthusiast Media LLC is direct competitor of CTMH, engaging in the sale of a scrapbook-related magazines and instructional manuals prominently featuring training in making scrapbook and paper craft artwork.

67.     Establishing and building customer relations and industry reputation requires significant time and resources.  For example, it takes a number of visits and years of business dealings to educate and gain the trust and confidence of customers.  Actual customers likewise need many months of attention and constant reassurance that their scrapbooking products and tools are reliable artistic, helpful, desirable and convenient to use.

68.     To build customer relations, Plaintiffs continually provide new products, ask for feedback, follow up with customers, attend trade shows, organizes conventions, and actively market to new customers.  Plaintiffs also assist, where needed, to ensure the instruction and use of their scrapbooking patterns and materials.

69.     Since the early 1990s, Plaintiffs have invested years of time and tens of millions of dollars to develop, refine, protect and market its Proprietary Company Property, trade dress and scrapbooking supplies.  CTMH has spent tens of millions of dollars promoting its exclusive philosophy including proprietary materials, patterns, arrangements, methods, and instruction comprising the Proprietary Company Property.  This has also involved educating the market and traveling to promote the unique and innovative products and systems of Plaintiffs.  Plaintiffs did this to establish relationships with potential customers, suppliers and other industry participants.  Plaintiffs' ability to recoup its investment is irreparably harmed by competitors who copy Plaintiffs' Proprietary Company Property when other patterns and supplies are available from third parties who have in the past and continue to offer other patterns and supplies.

70.      Plaintiffs' innovations include the following:

    a.   The Let Me Show You How tm philosophy.
    b.   Faster, Simpler, Easier. tm
    c.   ABC program 1.
    d.   ABC program 2.
    e.   ABC program 3.
    f.   ABC program 4 for the 6x6 album

g.  Reflections program 5 for the 9x9 album.
h.  Scrapbooking Level 1.
i.  Scrapbooking Level 2.
j.  Scrapbooking Level 3.
k.  Reflections Scrapbooking Program.
l   Originals Card Confidence Program.
m.  Close To My Heart annual Catalog and Idea Books.
n.  Cherish tm Scrapbook pages made beautifully simple book.
o.  The new Cherish book due summer of 2007.
p.  5 New books in the making due in the next few years.
q.  Contests based on the 10 concepts.
r.  Keynotes tm newsletter articles.
s.  Touching hearts, changing lives tm.
t.  Advertisements.
u.  Sales and Marketing strategies.
v.  Constant Campaigns tm.
w.  The Close to My Heart Home Gathering.
x.  Workshops on the Go.
y.  Charitable campaigns for Operation Kids
z.  Home Gathering invitations.
aa. Scrapbook Expos.
bb. 10 for 10 Clubs.
cc. My Childs Reflection's and children's clubs.
dd. My Reflection's Collections tm
ee. My Original's Card Kits tm
ff.  Plastic Reflection's templates.
gg. Simply Snapshot's tm Photo Pages.
hh. Stamp of the Month program.

71.    CTMH has a history of successful sales.   Since the 1990s, CTMH has sold and

distributed millions of individual products incorporating the Proprietary Company Property to

hundreds of thousands of buyers throughout the United States and Canada.  Approximately half

of such sales by CTMH are to repeat customers.

72.    Plaintiffs have the ability to supply any known or anticipated demands for the

Proprietary Company Property through its own network of distributors.  Allowing unauthorized

competitors to meet customer demands with Plaintiffs' Proprietary Company Property

jeopardizes Plaintiffs' recoupment of its investment.  It also interferes with Plaintiffs' business

efforts, plans and strategies, and impugns its business reputation as the innovator, creator and originator of the Proprietary Company Property.

73.     The unauthorized sales and marketing of the Proprietary Company Property by Defendants materially changes the nature of the market.  Unauthorized products result in Plaintiffs' unique products being offered by more than one company.  When this happens, Plaintiffs are forced to compete against its own products in marketing and customer relations. This is irreparably detrimental to Plaintiffs' market good will and reputation of being an innovator and leader in developing and offering distinctive products; Plaintiffs have to confront and answer questions about others offering the same or substantially similar or confusingly similar products.  Furthermore, Plaintiffs must then deal with and respond to potential customers who develop contacts and relationships with Defendant(s) based on unauthorized use of Plaintiffs' Proprietary Company Property.

74.     Defendants' continued infringement and misappropriation of Plaintiffs' Proprietary Patterns and trade identifiers and trade dress is likely to encourage or embolden others to also infringe.  This will further improperly change the market.  This is a critical time as CTMH is now witnessing an increasing numbers of new companies entering the scrapbooking market, some of which are beginning to copy CTMH's Proprietary Company Property.

75.     This kind of increase in the number of competitors cannot be undone and cannot be compensated by monetary damages because it requires spending untold time and effort to rehabilitate and/or enforce Plaintiffs' claim to exclusive and proprietary products.

76.     Defendants' use of Plaintiffs' Proprietary Patterns and trade identifiers and trade dress is causing irreparable harm to Plaintiffs' existing market.

**First Claim for Relief**
**(Violation of the Federal Copyright (17 U.S.C. § 101 *et seq*.)**
**– Against All Defendants)**

77.     Plaintiff incorporates herein by reference paragraphs 1 through 76, above.

78.     Without the consent of the plaintiffs and in complete disregard of their rights, Defendants have infringed Cabin Creek's copyright in the Proprietary Patterns set forth in Plaintiff's *Published Instruction Manuals* within this judicial district and elsewhere throughout the United States by designing, reproducing and distributing the Infringing Work which includes at least in part materials which are substantially similar to CTMH's Proprietary Patterns. Defendants had access to the Proprietary Patterns included of CTMH from the 1990s to the present.

79.     Without the consent of the plaintiffs and in complete disregard of their rights, Enthusiast Media LLC has infringed and does infringe Cabin Creek's copyrights in CTMH's *Published Instruction* Manual including Proprietary Patterns within this judicial district and elsewhere throughout the United States.

80.     The unauthorized and infringing use by the defendants of the plaintiffs' copyrighted works which are the subject hereof is and has been causing immediate and irreparable harm, damage and injury to the plaintiffs in an amount to be proven at trial, and will, unless immediately enjoined, continue to cause immediate and irreparable harm, damage and injury to the plaintiffs, in that sale of the infringing publications and the display of the infringing artwork is, has been, and will continue to greatly diminish the value of the original works by unlawfully supplanting CTMH's products in the market.

## Second Claim for Relief
### (Preliminary and Permanent Injunction and Impounding of Infringing Articles – Against All Defendants)

81.     CTMH incorporates herein by reference paragraphs 1 through 80, above.

82.     Plaintiffs will suffer irreparable harm if defendants' infringement of Cabin Creek's copyrights and/or other use of Proprietary Patterns substantially similar to plaintiffs' is not enjoined.

83.     The irreparable harm to plaintiffs outweighs any harm to defendants from enjoining defendants from infringing Cabin Creek's copyrights.

84.     The public interest favors the protection of Cabin Creek's copyrights.

85.     There is a substantial likelihood that plaintiffs will prevail on the merits of its claim that defendants have infringed Cabin Creek's copyrights, trade identifiers and trade dress.

86.     Therefore, plaintiffs are entitled to a preliminary and permanent injunction enjoining defendants from infringing Cabin Creek's copyrights, an order impounding all infringing articles, in accordance with Title 17, United States Code, Sections 502 and 503, and enjoining defendants from any other use of Proprietary Patterns and trade dress substantially similar to those of Plaintiffs.

## Third Claim for Relief
### (Unfair Competition, 15 U.S.C.A. 1125(a) – Against All Defendants)

87.     CTMH incorporates herein by reference paragraphs 1 through 86, above.

88.     Defendants and each of them have engaged and continue to engage in unfair competition by using words, false or misleading descriptions of fact, false or misleading representations of fact which are likely to cause confusion or mistake or to deceive the consuming public as to affiliation, connection, or association with Plaintiffs as to origin, sponsorship or approval of Enthusiast Media LLC's goods or commercial activities, or

misrepresents the nature, characteristics or quality of Enthusiast Media LLC's goods or commercial activities.

89.     The aforesaid activities of defendants will and do enable the Defendants to reap undeserved credibility and monetary gain and will and enable Defendants to compete unfairly with CTMH.  Such activities constitute unfair competition.

90.     As a proximate result of these acts of Defendants and each of them, CTMH has suffered and will continue to suffer, irreparable injury, as well as money damages in an amount to be proven at trial.

91.     Such conduct on the part of Defendants has and will continue to cause irreparable injury to CTMH and has and is depriving CTMH of the fruits of its labors.

92.     Unless enjoined by this Court, the foregoing conduct of Defendants will continue, and CTMH will continue to suffer great and irreparable injury.  CTMH has no adequate remedy at law.

### Fourth Claim for Relief
### (Common Law Unfair Competition – Against All Defendants)

93.     CTMH incorporates herein by reference paragraphs 1 through 93, above.

94.     Enthusiast Media LLC and its employees and agents have engaged and continue to engage in unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public and unlawful trading on plaintiffs' good will and reputation for original creative product content.

95.     The aforesaid activities enable Enthusiast Media LLC to reap undeserved credibility and monetary gain and have enabled defendants to compete unfairly with CTMH. Such activities constitute common law unfair competition.

96.    As a proximate result of these acts of Defendants and each of them, CTMH has suffered and will continue to suffer, irreparable injury, as well as money damages in an amount to be proven at trial.

97.    Such conduct on the part of defendants has and will continue to cause irreparable injury to CTMH and has and is depriving CTMH of the fruits of its labors.

98.    Unless enjoined by this Court, the foregoing conduct of Defendants will continue, and CTMH will continue to suffer great and irreparable injury.  CTMH has no adequate remedy at law.

### Fifth Claim for Relief
### (Misappropriation of Trade Dress – Against Enthusiast Media)

99.    CTMH incorporates herein by reference paragraphs 1 through 98, above.

100.    Defendants have, without authorization from Plaintiffs, adopted and used valuable trade dress of Plaintiffs.

101.    As a direct and proximate result of Enthusiast Media LLC's conduct, CTMH has been irreparable harmed and damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    That defendants, and each of them, along with their agents, employees, successors and assigns, and all those holding with, through or under them, be preliminarily and permanently enjoined from:

i.    Infringing the above-mentioned copyrights;

ii.    committing acts of unfair competition; and

ii.      Printing, reprinting, publishing, copying, offering to sell, and selling copies or products infringing of Proprietary Patterns, trade dress and trade identifiers of Plaintiffs.

B.      That defendants, and each of them, along with their agents, employees, successors and assigns, and all those holding with, through or under them, be ordered to deliver on oath, to be impounded during the pendency of this action, all articles alleged to infringe the above-mentioned copyrights.

C.      That defendants, and each of them, along with their agents, employees, successors and assigns, and all those holding with, through or under them, be ordered to deliver on oath for destruction all infringing copies, articles or products, and all parts thereof.

D.      Entry of judgment against defendants, and each of them, for all damages , including statutory damages, suffered by Plaintiff due to Defendants' unlawful acts, including all profits that Defendants have realized from such acts.

E.      Entry of judgment against defendants, and each of them, for all damages suffered by plaintiffs as a result of defendant's acts of unfair competition and trade dress.

F.      Exemplary damages against defendants by reason of the willful, deliberate and malicious nature of defendants' actions evincing a reckless indifference to and disregard of plaintiffs' rights.

G.      Plaintiffs be awarded their attorneys' fees and all costs.

H.      Plaintiffs be granted such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

**Jury Demand**

Plaintiffs hereby demand trial by jury.

Dated this 29th of January, 2007.


                              KIRTON & McCONKIE

                         By:    s/ Todd E. Zenger
                                Todd E. Zenger
                                Nicholas D. Wells

                         Attorneys for Plaintiffs
                         CLOSE TO MY HEART, INC.,
                         CABIN CREEK, LLC